Judge Underwood
delivered the opinion of the Court.
Chief Justice Robertson did not sit
The defendants in error filed a bill to be relieved against the payment of money on account of usurious contracts and exactions made by the testator of the plaintiffs from the defendant’s intestate, when they were both alive. It appears that since the death of the testator and the intestate, their representatives came to a settlement, when the representatives of Thompson executed new notes, and at the same or a different day, one of the administrators executed a release to the executors against all actions growing oat of the usurious contracts.
The circuit court disregarded the release, and perpetuated the injunction. We deem it unimportant to enquire into any thing but the validity of the Release.
One of two J '"1<: ext,cu-lease a^ause of action which belong tor.
Where ad» granted to two, and one d.ies’ t.hes"r‘ Idministra^ounluhat ** the office sur™ves t0 bim> jollftadininistrators, like ?«e of two 1°'^ lease a causa action t^'eatatlfof^* his testator,
We regard the consideration of the release as sufñciently made out. The release must, therefore, have its effect, unless it be incompetent for one of two administrators to release a right.of action.
This question is one about which there are contradictory decisions to be found. Lord Hardwick, strengthened as he said by the “opinion of a very great man, Lord Bacon,” decided in the case of Hudson vs. Hudson, 1 Atkyns, 481, that the release of one of two joint administrators would not bar the other. But the author of the Touchstone makes a quere as to this point. Séé Shep. Tou. 484-5. The master of the Rolls, in Jacomb vs. Harwood, II Ves. 265, said, that it was held in the case of Willand vs. I<enn,in B. R. “that one administrator stood on the same ground and-foundation with one executor.” If this be true, there can be no doubt that-one-of two administrators,may release a right of action for all the books lay it down that one executor may-do it so as to bind his co-executors. Toller on Executors, page 407, notices the point and refers to the authorities on both sides. He concludes, however, with the declaration, “that a joint administrator stands on the same footing, and is invested with the same powers as a co-executor.” . II P. Win. 121, is cited in addition to the case in Yesey.
It seems to be well settled that where administration is granted to two, and one dies, the survivor shall be sole administrator, upon the ground that the office survives to him. In this respect there is a strict analogy between the joint administrator and executor. Toller, 1141
The reason which seems to-have influenced those who contend for the difference between the power of a joint administrator and executor, grows out of the fact that executors are appointed by the testator, whereas administrators are appointed by the ordinary, in this state by the county court. We do not perceive any good reason for declaring that there is a difference between the powers of a joint administrator and a joint executor, because their appoint ments spring from different sources. The testator jtnay make the appointment of two or more execu *588 tors, without expressly providing, by his will, that each shall have power, separately, to release a debt; and yet the law regulating their authority, confers on each such a right and power. Where the proper tribunal appoints more than one administrator, it is in like manner a question of law, how far one can act without the other, and why the law should refuse to trust the agents of its own appointment, when acting separately, and give validity totheacts of agents separately performed, when they have been jointly appointed by a testator, we cannot discern.
Crittenden, for plaintiff; Owsley, for defendants.
The situation and circumstances of the estate of an intestate, may often render it prudent, if not absolutely necessary, to apjioint more than one administrator. The same kind of necessity may require • that one alone should act. As a question of policy, therefore, we should be inclined to sustain the more modern doctrine, that a joint administrator stands upon the same footing with a joint executor. And for the purpose of uniformity in the doctrine applicable to the personal representad ves of the dead, we shall determine such to be the rule.
As we are of opinion that the consideration of the release is sufficiently made out, and as we see no reason why the parties might not. adjust and compromise, and release the usury, as well as they might settle any other matter of dispute or difference, the decree must be reversed, with costs, and the cause remanded, with directions to dissolve the injunction and dismiss the bill.